UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-07530-WLH-MBK | Date | October 22, 2025 |
|---|---|---|---|
| Title | *Alejandro Flores Enciso et al v. General Motors LLC et al* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Holidae Crawford | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION TO REMAND [15]**

The Court is in receipt of Plaintiffs Alejandro Flores Enciso's and Nohemi Moreno Enciso's Motion to Remand (the "Motion"). (Mot., Dkt. No. 15). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Dkt. No. 8 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for October 31, 2025, is **VACATED**, and the matter taken off calendar. For the reasons explained herein, the Court **DENIES** the Motion.

**I.      BACKGROUND**

Plaintiffs filed the instant action on March 25, 2025, in the Superior Court of California, County of Los Angeles against Defendant General Motors, LLC ("General Motors" or "Defendant"). (Notice of Removal ("Notice"), Dkt. No. 1 at 2). The Complaint asserted causes of action under the Song-Beverly Consumer Warranty Act for breach of express warranty, breach of the implied warranty of merchantability, and violation of California Civil Code section 1793.2(b). (Notice, Ex. A, Compl. ¶¶ 8-33).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

The Complaint also alleged a cause of action for violation of the Magnuson-Moss Warranty Act. (*Id.* ¶¶ 34-44). The Complaint and Summons were served on General Motors on April 2, 2025. (Notice, Ex. A). General Motors answered the Complaint on May 20, 2025. (Notice, Ex. B, Answer). Over two months later, on August 13, 2025, General Motors removed the action to this Court, stating in its Notice that in the 30 days prior, General Motors "conducted a preliminary investigation and determined that Plaintiffs' citizenship and the reasonable, non-speculative estimation of the amount in controversy placed at issue through Plaintiffs' allegations plausibly give rise to subject matter jurisdiction." (Notice at 2). Because Plaintiffs are domiciled in California, General Motors is a resident of both Delaware (its state of incorporation) and Michigan (its principal place of business), and an amount in controversy of over $75,000 exists, General Motors argues removal here is proper by reason of diversity jurisdiction. (Notice at 3, 5).

Plaintiffs filed the instant Motion to Remand on September 5, 2025, arguing removal is untimely. (Mot., Dkt. No. 15). On October 10, 2025, General Motors timely opposed the Motion (Opp'n, Dkt. No. 18), and Plaintiffs timely replied to the Opposition (Reply, Dkt. No. 19).

II. **LEGAL STANDARD**

There are three different "deadlines" for removal which might apply to this case. Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading, or, "if the case stated by the initial pleading is not removable," then the notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In other words, "[S]ection 1446(b) identifies two thirty-day periods for removing a case."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

*Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'" *Id.* (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Id.* (internal quotation marks omitted). "If the notice of removal was untimely, a plaintiff may move to remand the case back to state court." *Id.*

Beyond those two thirty-day removal deadlines, a defendant may remove a case "when it discovers, based on its own investigation, that a case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). "But in that last scenario, the defendant has no more than one year from 'the commencement of the action' to file a timely removal notice." *Iniquez v. Ford Motor Co.*, 2025 WL 1042712, at *2 (C.D. Cal. Mar. 21, 2025) (citing 28 U.S.C. § 1446(c)(1)).

A "defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Roth*, 720 F.3d at 1125. At the same time, "neither should a plaintiff be able to prevent or delay removal by failing to reveal information showing removability and then objecting to removal when the defendant has discovered that information on its own." *Id.*

### III. DISCUSSION

Plaintiffs move for remand presenting two main arguments. Plaintiffs contend that General Motors' Notice of Removal is untimely because "Plaintiffs' initial Complaint contained a Federal Cause of Action under the Magnuson-Moss Warranty Act." (Mot. at 4). Further, Plaintiffs argue that "Defendant incorrectly contends that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

removal was not triggered by the Complaint because it purportedly fails to establish the amount in controversy and Plaintiffs' state of citizenship." (*Id.* at 2). Plaintiffs also argue, *inter alia*, that attorney's fees should be granted under 28 U.S.C. § 1447(c), which provides that a remand order "may require payment of just costs and any actual expenses, including attorney fees." 28 U.S.C. § 1447(c).[1] For the reasons stated below, the Court disagrees and concludes that Defendant's removal was timely. Therefore, Plaintiffs' Motion is **DENIED**.

    A.    **Amount in Controversy**

On the central issue of alleged damages, Defendant contends that Plaintiffs' Complaint fails to establish the requisite amounts in controversy for either: (1) the $50,000 required for jurisdiction under the Magnuson–Moss Warranty Act or (2) the $75,000 required for diversity jurisdiction under 28 U.S.C. § 1332. (Opp'n at 2). The Court addresses each issue in turn.

First, Plaintiffs argue that Defendant's Notice of Removal is untimely, as the Complaint contained a federal cause of action under the Magnuson-Moss Warranty Act. (Opp'n at 5). Plaintiffs point out that General Motors' Notice of Removal comes "nearly 103 days after the thirty (30) day deadline for removal, which was April 17, 2025." (Declaration of Michelle Yang in Support of Plaintiffs' Motion ("Yang Declaration") ¶ at 8). According to General Motors, the removal deadline was not triggered by the Complaint because the amount in controversy was indeterminate on the face of the Complaint. (*Id.* at 10-11). Defendant also argues that even assuming *arguendo*, the "measure of Plaintiffs' damages is determinate from the Complaint, Plaintiffs failed to "plead the values necessary to establish that the $50,000 [amount in controversy] is unequivocally clear and certain" (Opp'n at 12). The Court agrees with Defendant.

---

[1] Because the Court denies the Motion, Plaintiffs' request for attorney's fees is also denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

      The Magnuson–Moss Warranty Act provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d)(1). The Act provides for federal district court jurisdiction only of certain claims. *See* 15 U.S.C. § 2310(d)(1)(B). Actions removed based on the Magnuson-Moss Act do not trigger federal question jurisdiction unless the amount in controversy requirement is met. *Khachatryan v. BMW of N. Am., LLC*, Case No. 2:21-cv-01290-PA (PDx), 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021). The relevant portion of the Magnuson–Moss Warranty Act states, "No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection ... (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). Under the Magnuson–Moss Warranty Act, the amount in controversy excludes interests and costs and is "computed on the basis of all claims to be determined in th[e] suit." § 2310(d)(3)(B). "If the amount of controversy is less than $50,000, the plaintiff must instead file its Magnuson-Moss Warranty Act claim in any State or in the District of Columbia." *Guerrero v. Mercedes-Benz USA, LLC*, 2023 WL 4085975, at *1 (C.D. Cal. June 20, 2023); *see also* 15 U.S.C. §§ 2310(d)(1)(A)–(B), 2310(d)(3)(B).

      District courts have analyzed the amount in controversy under the Magnuson–Moss Warranty Act using the same principles as diversity jurisdiction. *See Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("There is nothing in the text of the Magnuson-Moss Act that would indicate that the amount in controversy for that statute is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332."). Plaintiffs contend that the face of the Complaint "identified the make,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

model, year, and VIN of the Subject Vehicle, facts that alone enable [Defendant] to approximate its market value with reasonable accuracy." (Reply at 2; *See also* Compl. ¶ 6). Plaintiffs, however, cannot point to any court that has relied on such allegations to find the amount in controversy to be ascertainable such that the Complaint is "removeable on its face." *Harris*, 425 F.3d at 694.

Furthermore, as Defendant correctly notes, Plaintiffs fail to provide *any* approximate value of the Subject Vehicle, including the reduction for the use of the vehicle. (Opp'n at 12.). The Court cannot speculate as to the *actual* amount in controversy of the Subject Vehicle with no other information, such as the actual purchase price and mileage. "Without these facts, the Court is left with considerable doubt as to the amount in controversy." *Chajon v. Ford Motor Company*, 2019 U.S. Dist. LEXIS 4254, at *3, 2019 WL 994019 (C.D. Cal., Jan. 8, 2019) (remanding action to state court); *see also Day v. FCA US LLC*, 2020 WL 3047986, at *2 (C.D. Cal. June 8, 2020) (noting any reduction for the use of the vehicle should be taken into account to determine the amount in controversy).

Defendant next argues that the Complaint is "indeterminate" as to amount in controversy under the Song-Beverly Act. (Notice at 9). The Song-Beverly Act provides a variety of remedies including actual damages, a civil penalty "not [to] exceed two times the amount of actual damages," and attorney fees. Cal. Civ. Code § 1794(a)–(d). Actual damages are measured by the "amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity." Cal. Civ. Code §§ 1793.2(d)(1) and (2). The Ninth Circuit has explained that "consideration of the [u]se [o]ffset [is] appropriate" in determining the amount in controversy because "an estimate of the amount in controversy must be reduced if a specific rule of law of damages limits the amount of damages recoverable."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

*Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018) (internal quotation marks and citation omitted); *see also Manukyan v. Mercedez-Benz USA, LLC*, 2024 WL 5440725, at *2 (C.D. Cal. Dec. 10, 2024) (applying *Schneider* outside the CAFA context). In addition, a plaintiff's recovery under the Song-Beverly Act is limited to the actual amount paid to the seller. *Alvarado v. FCA US, LLC*, 2017 WL 2495495, at *4 (C.D. Cal. June 8, 2017) (calculating actual damages by using "the total cash price paid for the subject vehicle" including "any paid finance charges").

Here, Plaintiffs' Complaint provides no information as to the total cash price for the Subject Vehicle or any information from which the mileage use offset can be determined. Accordingly, "because any estimate of actual damages is uncertain from the face of Plaintiffs' Complaint, any estimate of civil penalties is equally uncertain." *Covarrubias v. Ford Motor Co.*, No. 2:25-CV-00328-JLS-MAA, 2025 WL 907544, at *2 (C.D. Cal. Mar. 24, 2025); *see also Leigh v. FCA US LLC*, 2021 WL 4551864, at *3 (C.D. Cal. Oct. 5, 2021). Without additional information in the operative complaint, the Court finds the amount in controversy—as pleaded—is indeterminate and insufficient to trigger the first 30-day statutory timeline for removal. The Complaint fails to allege "any information as to the amount actually paid for the vehicle by Plaintiff—i.e., the total cash price paid for a purchased, or monthly payments made on a leased, vehicle" or how the "vehicle's mileage use offset can be determined." *Covarrubias*, 2025 WL 907544, at *3. Thus, General Motor's timeline to remove was not triggered at the time of Plaintiffs' service of the Complaint.

Plaintiffs also attempt to rely on an "other paper from which it may first be ascertained that the case is one which is or has become removeable" under 28 U.S.C. § 1446(b)(3). Plaintiffs argue that "[a]lthough Plaintiffs' state court complaint does not allege a specific dollar amount in controversy, it is impossible to believe that Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

could not ascertain the amount in controversy exceeded $50,000.00 based on the face of the complaint alone." (Opp'n at 6). Plaintiffs further contend that Defendant had the "ability to ascertain an approximation of the Subject Vehicle's market value as the manufacturer and distributor of the Subject Vehicle." *Id*. at 7. Specifically, according to Plaintiffs, General Motors had access to the Subject Vehicle's Manufacturer's Suggested Retail Price ("MSRP"), i.e., $53,560.00 from an internal July 25, 2019, invoice. (Opp'n at 7; *see also* Declaration of Yang ¶ 7).

Plaintiffs' arguments are unpersuasive and unsupported. The clock for both 30-day removal deadlines "begins running upon 'defendant's receipt of a document from the plaintiff or the state court—*not by any action of defendant*.'" *Solis v. Nissan North Amer., Inc.*, No. CV 24-00728-MWF-E, 2024 WL 1311275, at *2 (C.D. Cal. Mar. 27, 2024) (*quoting Franklin v. HealthSource Glob. Staffing, Inc.*, No. 23-CV-0662-AGS-DEB, 2024 WL 1055996, at *2 (S.D. Cal. Mar. 11, 2024)) (emphasis added); *see also Adelpour v. Panda Express, Inc.*, 2010 WL 2384609, at *4 n.7 (C.D. Cal. June 8, 2010) (The "other paper" in Section 1446(b)(3) cannot be one created by defendant; it "must derive from either the voluntary act of the plaintiff ... or other acts or events not the product of the removing defendant's activity.").

Plaintiffs set forth no evidence in their Complaint or briefing of a specific document that provided adequate notice of its ability to remove or when Defendant received such specific document, the event which would trigger the second 30-day removal timeline. While Plaintiffs produced a purchase agreement dated November 11, 2023 ("Purchase Agreement") for the 2019 Cadillac XT5 on August 8, 2019, (see Opp'n, Ex. A; *see also* Declaration of Nykeemah C. McClendon in Support of Defendants' Opposition ("McClendo Declaration") ¶ at 2), Defendants could not, at that time, ascertain the amounts in controversy *solely* from the purchase price. Even if, *arguendo*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

General Motors had "sophisticated knowledge of the motor vehicle industry," or had an internal July 25, 2019, invoice noting the MSRP of the Subject Vehicle, General Motors is not required to "remove the case within 30 days of its own realization of removability pursuant to an investigation." *Gonzalez* 2024 WL 2782102, at *3.

Rather, a defendant seeking to remove a case "on the basis of its own information" would have a year from that moment to remove. *Iniquez*, 2025 WL 1042712, at *2; *see also Roth*, 720 F.3d at 1125. Because it is less than a year since the filing of this case, Defendant's removal was timely.[2]

**B. State of Citizenship**

Plaintiffs also argue that "the [C]omplaint expressly states that Plaintiffs are, and at all relevant times mentioned in the Complaint were, residents of California." (Mot. at 2). Therefore, Plaintiffs claims Defendant's removal, filed on August 13, 2025, was untimely. (*Id.*). General Motors, on the other hand, maintains removal was timely because Plaintiff's citizenship was "indeterminate" from the face of the Complaint. (Opp. at 13-14). Although the Complaint alleged that Plaintiffs were "residents of Onatario, California" (Compl. ¶ 2), it does not make any statements regarding Plaintiffs' citizenship. It has been well-established that residency, alone, without evidence of "an intention to make a certain definite place one's permanent abode," does not give rise to citizenship for the purposes of diversity jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (internal citation omitted); *see also* Crisp-Stoot v. Wal-Mart Stores, Inc., No. CV 18-10694 PSG (PJWx), 2019 WL 1307735, at *3–4 (C.D. Cal.

---

[2] Plaintiffs did not in their Motion or their Reply challenge the existence of an amount in controversy to confer jurisdiction upon this Court, instead challenged only timeliness. While the "removing party has the burden to show that removal is proper," *Gonzalez v. Nissan N. Am., Inc.*, No. 2:24-CV-01301-WLH-MAR, 2024 WL 2782102, at *2 (C.D. Cal. May 29, 2024), the Court finds that, in the absence of a challenge by Plaintiffs, Defendant has met that burden with the corroborating evidence cited in its Opposition. (*See* Opp'n, Ex. A and B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Mar. 22, 2019) (finding allegations of California residency insufficient to establish citizenship for removal based on diversity of citizenship). A domicile is one's "permanent home, where [he/she] resides with the intention to remain or to which [he/she] intends to return." *Kanter*, 265 F.3d 853 at 857. As such, the Court agrees with General Motors that it could not reasonably ascertain the basis of removal from the face of the Complaint.

Because the Complaint did not make removability clear on its face, General Motors had thirty days to file its notice of removal after receipt of "other paper" putting it on notice of removability under 28 U.S.C. § 1446(b)(3) or on the basis of its own information within one year from commencement of the action under 28 U.S.C. § 1446(c)(1). *See Iniquez*, 2025 WL 1042712, at *4; *See also Solis*, 2024 WL 1311275 at *2 ("Sections '1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information.') (*quoting* Roth, 720 F.3d 1121 at 1125). Plaintiffs do not argue that they served any "other paper" to establish Plaintiffs' California citizenship. *See Iniquez*, 2025 WL 1042712, at *4 (noting neither 30-day deadlines §§ 1446(b)(1) or (b)(3) was triggered because plaintiff failed to provide defendant "with a paper that effectively established removability *after* filing suit."). Because General Motors discovered information on Plaintiffs' citizenship "on the basis on its own information" and it filed its Notice of Removal within one year of the Complaint's filing, the removal was timely under 28 U.S.C. § 1446(c)(1). *Id.* at *4 (Defendant only had to file a timely removal notice within the outer one-year deadline because it was not required to remove under the 30-day statutory timelines).

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion.

**IT IS SO ORDERED.**